**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MATTHEW EVAN VANN,

     Plaintiff,                     CIVIL ACTION NO. 14-11657

   v.

                            MAGISTRATE JUDGE  CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

     Defendant.
_____/

**MEMORANDUM OPINION AND ORDER[1]**

I.      **INTRODUCTION AND PROCEDURAL HISTORY**

     Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and

Supplemental Security Income (SSI) benefits on March 9, 2009, alleging that he had become

disabled and unable to work on December 1, 2004, at age 38, due to severe low back and

right knee pain.  Benefits were initially denied by the Social Security Administration. A

requested de novo hearing was held on August 7, 2012[2], before Administrative Law Judge

---

[1] The parties having consented to the jurisdiction of this Magistrate Judge, (Doc. 15) and by Order of Reference from United States District Judge Judith Levy, (Doc. 16) this Memorandum Opinion issues pursuant to 28 USC §636(c).

[2] An earlier administrative hearing was held before a different ALJ in June 2011, which resulted in a decision to deny disability benefits.  The Appeals Council, however, vacated that decision, and remanded the matter for additional administrative action to consider a residual functional capacity for the claimant

(ALJ) Penny Loucas. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of light work. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 46 years old at the time of the remanded administrative hearing (TR 47). He had a limited education, and had been employed during the relevant past as a preparation cook and shipper and receiver (TR 41-42). Plaintiff stopped working in December 2004, due to severe back and knee pain (TR 39, 42-43). As a result of the pain, claimant allegedly was unable to sit, stand or walk for prolonged periods (TR 50). He also had difficulty performing household chores, such as cooking an cleaning (TR 50). Plaintiff needed to lie down for several hours a day in order to get any pain relief (TR 50-51). He also experienced periodic depression, given his poor physical condition (TR 54-55)

A Vocational Expert, Lois Brooks, classified Plaintiff's past work as medium, unskilled activity (TR 57). The witness testified that there were no jobs for claimant to perform if his testimony were fully accepted[3] (TR 60). If he were capable of light work, however, there were numerous unskilled assembly, inspection and packaging jobs that he could perform with minimal vocational adjustment (TR 58-59). These jobs required only

_____

using the guidelines of AR-98-4(6) (TR 11, 132).

[3]The witness explained that Plaintiff's alleged need to take frequent breaks throughout the day to relieve his joint pain would preclude all work activity (TR 62).

2

occasional climbing of ramps, stairs, ladders, ropes and scaffolds. Overhead reaching would be limited, but frequent balancing and stooping was sometimes needed (TR 58).

## II.    ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of degenerative disc disease of the lumbar spine, osteoarthritis of the right knee and substance abuse disorder in short remission, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's joint pain prevented him from frequently reaching overhead. The Law Judge also found that claimant could not regularly climb, kneel, crouch or crawl.  Nevertheless,  the ALJ found that the claimant retained the residual functional capacity to perform a significant number of light jobs, as identified by the Vocational Expert (TR 13-22).

## III.  STANDARD FOR ESTABLISHING DISABILITY

The claimant has the burden of proving that he is disabled within the meaning of the Social Security Act.  Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th Cir. 1990).  Proof of an impairment alone is insufficient, and plaintiff must establish that the impairment precludes any substantial gainful activity for at least a consecutive twelve month period.   42 U.S.C.§ 423 §§ 423 (d)(1), 1382(c); 20 C.F.R. § 416.912 (2015). Throughout the evaluation process, the burden of proof remains on the claimant to show that he is not working, that he has a severe impairment or combination of impairments, and that

3

the impairment prevents him from performing past relevant work.  Bowen v. Yuckert, 482 U.S. 137, 146-47 (1987).  "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [Commissioner]."  Preslar, 14 F.3d at 1110.  "Step five requires the [Commissioner] to show that the claimant is able to do other work available in the national economy."  Id.

## IV.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971).  Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).  This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en

4

banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that his credibility concerning the severity of his joint pain was summarily rejected. He also asserted that the Law Judge was obligated to find the same residual functional capacity as previous adjudicators of his disability application. Defendant countered that the Law Judge reasonably assessed Plaintiff's impairments before concluding that he remained capable of performing a limited range of light work activity.

## V.    DISCUSSION AND ANALYSIS

After review of the record, I find that there is substantial evidence on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work . Contrary to Plaintiff's assertion, the medical evidence does not support his allegation of totally disabling back and knee pain. The ALJ's decision is consistent with the specific limitations imposed by examining physicians.

A claimant's subjective allegations of disabling pain are insufficient, by themselves, to support a claim for benefits. 20 C.F.R. § 404.1529(a) (2002); Sizemore v. Secretary of HHS, 865 F.2d 709, 713 (6th Cir. 1988). Pain alone can be disabling, if it is severe enough to preclude all substantial, gainful activity, but the symptoms must be substantiated by some objective, clinical, or laboratory findings . Hurst v. Secretary of HHS, 753 F.2d 517, 519 (6th Cir. 1985).  A claimant has the burden of providing objective evidence confirming the

severity of the alleged pain, or other symptoms, or establishing that his medical condition is of such a kind and severity that it could reasonably be expected to produce the allegedly disabling symptoms. Duncan v. Secretary of HHS, 801 F.2d 847, 853 (6th Cir. 1986). In applying this standard, a reviewing court should show deference to the decision of the ALJ in assessing credibility. Gooch v. Secretary of HHS, 833 F.2d 589, 592 (6th Cir. 1987), cert denied, 484 U.S. 1027 (1988).

Once a plaintiff establishes a medical impairment that could reasonably be expected to cause the pain alleged, the ALJ must then determine the extent to which the symptoms affect the individual's capacity to perform work activities by considering objective medical evidence and the following factors: 1) daily activities; 2) location, duration, frequency, and intensity of the pain; 3) precipitating and aggravating factors; 4) type, dosage, effectiveness, and side-effects of any medication; 5) treatment, other than medication received; 6) any means used to relieve pain; and 7) other factors concerning functional limitations. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

Plaintiff maintains that the ALJ's credibility finding was not supported by substantial evidence. Specifically, he contends that the ALJ should not have considered Dr. Michael Fugle's statement that claimant admitted that he was trying to get disability benefits (See Plaintiff's Motion for Summary Judgment at p.6). The ALJ explained that she discounted Plaintiff's credibility because: (1) the record showed that there was an issue of secondary gain; (2) claimant's allegations were inconsistent with his failure to seek medical treatment

for two years; (3) there were several inconsistencies between his statements; and (4)Plaintiff had a poor work history (TR 15-20).

The ALJ properly considered the inconsistency between Plaintiff's testimony that he experienced constant disabling pain since 2005 (TR 49-50), and Dr. Fugle's note that the claimant had not sought treatment for two years before his July 22, 2008 appointment when he was trying to get disability benefits (TR 393). Plaintiff also testified to difficulties standing, cooking, cleaning and walking (TR 50), but he told one examining physician that he had no difficulty with activities of daily living (TR 529). While claimant indicated he could not drive due to pain (TR 370), he testified that he was arrested for drunk driving (TR 44-47). Finally, Plaintiff told a physical therapist that he had not worked since 1993 (TR 436), but earnings records showed he had engaged in substantial gainful activity as recently as 2004 (TR 319-22). These inconsistencies in claimant's statements provide ample support for the ALJ's credibility determination.

Absent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ. Drummond v. Comm'r of Soc. Sec., 126 F.3d 837, 842 (6th Cir. 1997). See also AR 98-4(6). In the instant case, ALJ Blum found in 2007 that Plaintiff had the residual functional capacity to perform unskilled sedentary work with a sit/stand option. Consequently, ALJ Blum denied claimant's application for disability benefits (TR 114-23). That decision was subsequently vacated by the Appeals Council, and the case was remanded to ALJ Loucas in order to consider a residual functional capacity for the claimant using the guidelines of AR-98-4(6) (TR 11, 132).

Upon remand, ALJ Loucas acknowledged her duty to comply with <u>Drummond</u> and AR 98-4(6) (TR 15-17). She determined, however, that there was substantial evidence in the medical record of a change in Plaintiff's condition since the 2007 decision justifying her finding that claimant was now capable of a restricted range of light work activity (TR 15-17).

In support of such a determination, ALJ Loucas relied on the December 2009, consultative examination of Dr. Jose Jurado. The doctor found that Plaintiff had normal muscle tone with full strength in all extremities. No abnormal neurological deficits were observed, and claimant enjoyed a normal range of motion in his cervical spine, knees, ankles, wrists, and hands. He also exhibited normal lumbar spine flexion (TR 530-534). Dr. Jurado stated that the claimant could walk normally without a cane. He also could heel, toe and tandem walk, sit, stand, bend, stoop, carry, push, pull, squat forty-five degrees and stand on one leg (TR 531-32). Additionally, Dr. Todd Lininger, a treating physician, reported that Plaintiff got good lumbar pain relief following facet nerve block injections administered between March and July 2010 (TR 492-493, 503, 542, 558, 576, 583).

Based, in part, on his review of the objective clinical findings from these two examiners, Dr. Donald Kuiper concluded on December 23, 2009, that Plaintiff was now capable of performing light work activity with certain restrictions. According to the medical consultant, Plaintiff could occasionally lift twenty pounds; frequently lift and/or carry ten pounds; stand and/or walk for a total of six hours in an eight-hour workday; sit for a total of six hours in an eight-hour workday; had no limitations in pushing and/or pulling; could occasionally climb ramps, stairs, ladders, ropes, and scaffolds; could frequently balance and

8

stoop; could occasionally kneel, crouch, and/or crawl; was limited in overhead reaching on the right; and was unlimited in handling, fingering, or feeling (TR 401-08).

Under the Social Security regulations, ALJs are not bound by any findings made by state agency medical or psychological consultants, but they must consider their findings, 20 C.F.R. § 404.1527(f)(2)(I) (2015). See also <u>Barker v. Shalala</u>, 40 F.3d 789, 794 (6th Cir. 1994)(holding that a State agency medical consultant's opinion supported by the objective clinical findings of a consultative examiner may constitute substantial evidence for an ALJ's determination). Administrative Law Judge Loucas gave significant weight to Dr. Jurado's objective clinical findings and Dr. Kuiper's RFC evaluation before concluding that Plaintiff could perform a restricted range of light work activity (TR 19). After review of these exhibits, I am persuaded that substantial evidence supports the ALJ's finding that claimant's overall medical condition had changed for the better so as to allow a different RFC determination than that of the previous adjudicator[4].

It is the rare case, indeed, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There is evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ,

---

[4]Plaintiff would not have been considered disabled even if ALJ Loucas had found no evidence of improvement. The ALJ asked the Vocational Expert at the 2012 remand hearing to assume a hypothetical individual who had RFC described in the agency's 2007 decision, and the VE testified that such an individual could perform the sedentary work of an assembler (4,000 jobs in Michigan and 140,000 jobs nationally), a visual inspector (2,400 jobs in Michigan and 84,000 jobs nationally) and a packager (3,000 jobs in Michigan and 105,000 jobs nationally) (TR 57-58, 121). Even if ALJ Loucas had adopted the same RFC as ALJ Blum in 2007, claimant would still not have been considered disabled. Therefore, any alleged error is harmless and another remand is unnecessary.

who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence.  Such observation is invaluable and should not be discarded lightly.  <u>Beavers v. Secretary</u>, 577 F.2d 383 (6th Cir. 1978).  See also <u>Williamson v. Secretary</u>, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled assembly, inspection and packaging jobs that he could perform with minimal vocational adjustment (TR 58-59). These jobs required only occasional climbing of ramps, stairs, ladders, ropes and scaffolds. Overhead reaching would be limited, but frequent balancing and stooping was sometimes needed (TR 58).   Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence to find otherwise.

10

Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.   Judgment therefore will be entered for the Defendant.

s/ Charles E Binder

CHARLES E. BINDER
United States Magistrate Judge

Dated: August 21, 2015

11